**Hershel RICH, Linda Rich and Color Unlimited, Inc., Appellants,**

v.

**EASTMAN KODAK COMPANY, a corporation, Appellee.***

No. 78–1195.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 15, 1978.

Decided Dec. 6, 1978.

* *EDITOR'S NOTE:* The opinion of the United States Court of Appeals, Ninth Circuit, in *United States v. Talkington*, published in the advance sheets at this citation (583 F.2d 435) was withdrawn from this volume upon the filing of a petition for rehearing.

P. Terence Crebs of Gallop, Johnson, Godiner, Morganstern & Crebs, St. Louis, Mo., for appellant; Stephen H. Rovak, St. Louis, Mo., on brief.

John R. McFarland of Coburn, Croft, Shepherd, Herzog & Putzell, St. Louis, Mo., for appellee; Steven P. Sanders, St. Louis, Mo., on brief.

Before GIBSON, Chief Judge, and ROSS and HENLEY, Circuit Judges.

PER CURIAM.

This action was brought by Color Unlimited, Inc. to recover damages it allegedly suffered due to the failure of certain photography equipment to perform as advertised or warranted. Liability of Eastman Kodak, Inc. (Kodak) was premised on negligent misrepresentations claimed to have been made by Kodak concerning the nature and capabilities of the equipment as well as the quality of Kodak's repair service. In addition, the complaint alleged that Kodak failed to exercise due care in providing repair service for the equipment. Some of the equipment was purchased directly from Kodak and the remainder was purchased from third parties after inspection by Kodak. While the suit was pending below, Color Unlimited, Inc. was dissolved and its sole shareholder, Hershel Rich, was substituted as plaintiff. All parties agree that the substantive law of Missouri governs this diversity case.

In a letter dated November 8, 1976, Rich's attorney, in order to be relieved from answering certain interrogatories, conceded to Kodak's counsel that Rich would attempt to prove only two items of damage. These were lost profits and diminution in the value of the business. The District Court[1] then considered Kodak's motion for summary judgment. On April 26, 1977, summary judgment in favor of Kodak was granted in part and denied in part.[2] The court concluded that under applicable Missouri law some of Kodak's representations could not form the basis of a cause of action.

The court also held that lost profits could not be recovered in this case under Missouri law because the evidence relied on by Rich was too speculative. In the April 26, 1977, memorandum and order, the District Court ruled that summary judgment would be inappropriate insofar as damages were to be based on diminution in the value of the business. Thereafter Rich was again deposed and Kodak again moved for summary judgment. By memorandum and order dated December 20, 1977, the District Court granted complete summary judgment in favor of Kodak.[3] The court concluded that

---

1. The Honorable John F. Nangle, United States District Judge, Eastern District of Missouri.

2. *Rich v. Eastman Kodak Co.*, 430 F.Supp. 658 (E.D.Mo.1977).

3. *Rich v. Eastman Kodak Co.*, 443 F.Supp. 32, 38–40 (E.D.Mo.1977).

Rich had presented no factual basis in support of his testimony as to the valuation of the business. This appeal by Rich followed. We affirm.

█ We do not find it necessary to examine Missouri law regarding liability for negligent misrepresentation. Summary judgment in favor of Kodak is fully supported by the absence of any genuine issue of material fact concerning damages. Missouri law is clear that anticipated profits are recoverable only where there is proof of income and expenses prior to the interruption or stoppage of the business. *Coonis v. Rogers,* 429 S.W.2d 709, 714 (Mo.1968);[4] *Morrow v. Missouri Pacific Railway Co.,* 140 Mo.App. 200, 213–14, 123 S.W. 1034, 1039 (1909). In this case the available evidence, including tax returns of Color Unlimited, Inc., establish that it was not making a profit before problems developed with the Kodak equipment. Rich's attempts to discredit the District Court's analysis of this evidence are not convincing. Contrary to the implied contention of Rich, it is necessary to include all salaries as expenses in determining the net profit of the company. Even though Rich owned all of the stock in Color Unlimited, Inc., the worth of his services was an expense item. The salary figures found in corporate documents and income tax returns establish that worth. In this situation, anticipated profits are not recoverable under Missouri law because of their speculative nature.

Rich is not suing for alleged damages suffered because of the diminution in value of the equipment as represented over its actual worth in the market, but rather attempts to predicate a future ongoing profitable operation that failed to materialize because of the allegedly defective equipment. The loss of anticipated profits thus lacks any factual basis upon which a reasonable projection could be made. Rich's attempt to capitalize non-existent income must fall of its own weight. To capitalize income as Rich attempted, he would have to show net income from his operations prior to the

difficulty with Kodak so as to establish a continuing, average and stable basis for the projection; otherwise his playing with figures is too speculative and conjectural to sustain any verdict. *Shelby County R–IV School District v. Herman,* 392 S.W.2d 609 (Mo.1965).

█ Our review of this case also convinces us that Rich's efforts to prove damages amounting to diminution in the value of the business were inadequate. Generally, an owner may testify as to the value of his own property; however, there must be a basis for that valuation. *Klapmeier v. Telecheck International, Inc.,* 482 F.2d 247, 253 (8th Cir. 1973); *Shelby County R–IV School District v. Herman,* 392 S.W.2d 609, 613 (Mo.1965). Rich not only failed to present a factual basis for his valuation but denied any obligation to do so. This action was pending in the federal courts and was governed by the Federal Rules of Civil Procedure. Fed.R.Civ.P. 56(e) imposes an obligation on a party opposing a motion for summary judgment to "set forth specific facts showing that there is a genuine issue for trial." *See* 10 Wright & Miller, Federal Practice and Procedure: Civil § 2739 at 363 (1973).

By refusing to give a factual basis for his opinion, Rich failed to fulfill that obligation. Failure to provide this basis rendered Rich's valuation meaningless. Nor is the existence of a material factual issue established by the references to expert testimony contained in the record. The expert testimony would have valued the business by capitalizing projected profits. Since we have found lost profits could not have been established under Missouri law in this case, it is clear that a valuation based on them would not establish an issue for trial.

We have carefully considered the record and the briefs and arguments of the parties and are satisfied that the District Court applied correct principles of law to the facts set forth by the parties. The judgment is affirmed.

---

**4.** As noted in *Coonis,* "to sustain awards of damages for loss of business profits the appellate courts of this state have made stringent requirements, refusing to permit speculation as to probable or expected profits, and requiring a substantial basis for such awards." 429 S.W.2d at 713–14.