546 F.Supp. 217 (1982)
James CRUES, et al., Plaintiffs,
v.
KFC CORPORATION, Defendant.
No. 81-0082C(4).
United States District Court, E. D. Missouri, E. D.
August 3, 1982.
*218 Theodore F. Schwartz, Clayton, Mo., R.J. Slater, Padberg, McSweeney, Slater, Merz & Reid, St. Louis, Mo., for plaintiffs.
John C. Shepherd, John S. Sandberg, Shepherd, Sandberg & Phoenix, St. Louis, Mo., for defendant.

MEMORANDUM
HUNGATE, District Judge.
This matter is before the Court on various post-trial motions.
This diversity action for fraudulent misrepresentation in connection with plaintiffs' purchase of an H. Salt Seafood Galley franchise, was tried to a jury on April 12, 13, 14, 19, 21, 29, 30, May 12 and 13, 1982. The jury returned a verdict for plaintiff James T. Crues in the amount of $450,000.00. The Court granted defendant's motion for a directed verdict on the claim of plaintiff Brenda O. Crues. The jury also found for plaintiff on defendant's counterclaim for royalties under the franchise agreement.
Plaintiff moves to amend his complaint to conform to the proof. Plaintiff's complaint prayed for actual damages in the amount of $281,501.00. Plaintiff now moves to amend the prayer to the amount of the jury's verdict of $450,000.00.
Under Rule 15(b) of the Federal Rules of Civil Procedure, an amendment to the pleadings to conform to the proof at trial may be made at any time, even after judgment. The Court finds that there was sufficient evidence in the testimony of *219 plaintiff, and the experts, Leroy Grossman and Kenneth Nunn, to support the jury's award. Accordingly, plaintiff's motion to amend the complaint will be granted.
Plaintiff's motion for a partial new trial on the issue of punitive damages will be denied. In support of his motion, plaintiff argues that he made a submissible case on the issue of punitive damages because:
the evidence revealed that KFC made representations to Crues to induce him to purchase the franchise. These representations were not true at the time they made them and the evidence revealed that KFC knew they were not true. These representations by KFC were made intentionally with the wrongful purpose of inducing Crues to believe that the H. Salt Seafood Galley was a high volume profit producer.
Plaintiff's memorandum in support of motion for a partial new trial, p. 2.
The Court agrees that plaintiff made this showing. Such evidence, however, supports only the classic elements of the intentional tort of fraudulent misrepresentation. These elements are: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) the hearer's consequent and proximate damage. Slater v. KFC Corp., 621 F.2d 932, 936 (8th Cir. 1980) (applying Missouri law). The Court is thus not persuaded to reverse its ruling at trial that plaintiff failed to come forward with evidence of the additional element of legal malice sufficient to submit his claim for punitive damages to the jury. Armstrong v. Republic Realty Mortgage Corp., 631 F.2d 1344, 1352 (8th Cir. 1980) (finding of legal malice necessary prerequisite to award of punitive damages under Missouri law).
Defendant moves for judgment notwithstanding the verdict, or in the alternative for a new trial, and for a remittitur. As has already been stated, the Court finds there was sufficient evidence to support the jury's award of $450,000.00, and will therefore deny defendant's request for a remittitur.
Defendant's assignments of error in its motion for judgment notwithstanding the verdict, or in the alternative for a new trial, raise nearly every argument raised by defendant at trial and are too numerous to permit individualized written consideration. The Court, however, has carefully considered defendant's arguments and finds those not commented upon either unpersuasive or insufficiently prejudicial. A few of defendant's arguments require comment.
Defendant suggests that the only evidence of plaintiff's damages was the evidence of plaintiff's lost profits. Defendant argues that because plaintiff's business was new, without any history of profits and losses, such evidence was speculative and therefore inadmissible under such cases as Rich v. Eastman Kodak Co., 583 F.2d 435 (8th Cir. 1978).
Unlike Rich, however, there was evidence in this case of the profit and loss history of similar businesses. As has already been stated, the Court finds sufficient evidence to support the jury's award. Were the rule as defendant suggests, there could never be any recovery for false representations relating to the profitability of a new business. Because of the facts of this case, the nature of proof was necessarily somewhat speculative. In the opinion of the Court, it is the wrongdoer who should bear the risk of such necessary speculation.
Defendant also suggests that the Court erred in admitting plaintiff's testimony that he had invested his life savings in the franchise. This evidence was admitted in a limited fashion by the Court as relevant on the issue of plaintiff's reliance on the misrepresentation. The Court finds the evidence properly admitted, and will deny defendant's motion for a new trial on this ground.
Defendant also argues that the Court erred in "refusing" to withdraw evidence *220 relating to plaintiff's claim of fraudulent concealment. Defendant correctly points out that plaintiff withdrew his verdict-directing instruction on fraudulent concealment and offered in its place a verdict-directing instruction on affirmative misrepresentation. After the substitution, however, defendant never argued that evidence relating to fraudulent concealment should be withdrawn because plaintiff had abandoned that theory. In any event, defendant could have argued to the jury that the evidence of the decline in profitability of the franchises after the affirmative representation was made was unpersuasive on the elements of the claim ultimately submitted. Defendant's motion for a new trial on this ground will also be denied.
Defendant's motion for judgment notwithstanding the verdict on its counterclaim, however, will be granted in the sum of $18,154.37. Plaintiff admitted at trial that under the terms of the franchise agreement he was to pay four percent of his gross sales to KFC as royalties. He further admitted that his unpaid royalties for 1979, 1980, and 1981 totalled $18,154.37. No contrary evidence was produced at trial.
Plaintiff maintains that he was not obligated to pay the royalties because of defendant's fraud and because the use of the KFC trademark, for which the royalties were to be paid, had no value. The jury, however, was not instructed on plaintiff's asserted defenses because plaintiff's offered instructions on these defenses were refused. The instructions were refused because, under Missouri law, a victim of fraud has the option of rescinding the contract, or affirming the contract and suing for damages, but he cannot do both. Stadium Bank v. Milton, 589 S.W.2d 338, 344-45 (Mo. App. 1979). By suing for the "benefit of his bargain" in damages, plaintiff therefore affirmed the contract and was required to perform the burdens of the contract as well. Plaintiff's contention that Slater v. KFC Corp., supra, holds otherwise is not well taken. The Court of Appeals for the Eighth Circuit expressly declined to reach the issue. Slater v. KFC Corp., supra at 939 n. 4. The evidence showing beyond doubt that plaintiff was obligated to pay KFC $18,154.37 in royalties, and plaintiff having failed to make a submissible showing of any legally sufficient defense, defendant's motion for judgment notwithstanding the verdict on its counterclaim will be granted.