James T. CRUES, Appellant,

v.

KFC CORPORATION, Appellee.

No. 84–2317.

United States Court of Appeals,
Eighth Circuit.

Submitted April 12, 1985.

Decided July 16, 1985.

Barry Ginsburg, Clayton, Mo., for appellant.

John S. Sandberg, St. Louis, Mo., for appellee.

Before ROSS, ARNOLD and JOHN R. GIBSON, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

James T. Crues appeals from a judgment entered on a jury verdict for KFC Corporation on his fraud claim. He argues that the magistrate[1] improperly instructed the jury, primarily in that two converse instructions were given in violation of Missouri procedural law. We affirm.

This is the second time this case has been appealed. Crues obtained a verdict against KFC in the first trial and we reversed because of substantive instruction errors and the failure to submit the issue of punitive damages. *Crues v. KFC Corp.*, 729 F.2d 1145 (8th Cir.1984).

The facts of this diversity case have been discussed in detail on the earlier appeal. 729 F.2d at 1147. The evidence presented during retrial was essentially the same as that in the first trial. Crues' claim was based on a representation by KFC that a fast-food fish franchise, the H. Salt Seafood Galley, was an "efficient high volume profit producer." He contended that this statement was fraudulent in that it was made by KFC, who knew it was false and intended that Crues rely on it. This claim was reflected in verdict-directing Instruction No. 8. Instruction No. 10 directed a verdict for KFC if the jury found that the statement was true, that Crues did not rely on it, that Crues did not use ordinary care in relying on it, or that Crues did not suffer damages as a result of the representation. This type of instruction is known in Missouri procedure as a converse instruction. Missouri Approved Instructions Nos. 33.-01–33.15 (3d ed. 1981); Thomas, *Converse Instructions Under MAI*, 42 Mo.L.Rev. 175, 175–76 (1977). Defendant's Instruction No. 12, the object of Crues' appeal, provided:

The evidence shows that on February 7, 1977, KFC Corporation notified the plaintiff that he might want to reconsider starting construction of an H. Salt Seafood Galley restaurant in St. Louis. If you find from a preponderance of the evidence that plaintiff, despite receiving this letter, proceeded with construction based on his own independent decision and not in reliance on representations by KFC Corporation, then you may not consider damages, if any, occurring as a result of plaintiff's decision to proceed.

The jury returned a verdict for KFC.

## I.

Crues argues that Instruction No. 12 was improper because it was a second converse instruction in violation of Missouri instruction law; unduly emphasized evidentiary details favorable to KFC; submitted the "false issue" of Crues' "proceeding with construction"; was inherently misleading in relating the inducement to purchase the franchise to the decision to proceed with construction; and gave the jury a "roving commission." These arguments are buttressed primarily with Missouri cases defining state instruction law.

This court recently gave detailed consideration to the relationship between state and federal instruction standards:

[M]any of the states, significantly Missouri, have developed extremely complex rules and procedures and voluminous case law governing instructions. The district judge need not be unduly concerned with arguments asserting the state's procedural authority relating to instructions as long as the substantive law is correctly stated in a form consistent with the federal procedural law governing instructions. Similarly, on appeal we need not consider the intricacies of state procedural instruction law, as we are asked to do here. Rather, we review the instructions as a whole only to deter-

---

1. The Honorable William S. Bahn, United States Magistrate for the Eastern District of Missouri.

mine that they fairly and adequately state the applicable law.

*Chohlis v. Cessna Aircraft Co.,* 760 F.2d 901, 904 (8th Cir.1985). This passage answers almost all of Crues' arguments. Our only concern is whether Instruction No. 12 was so misleading that it did not fairly and adequately state Missouri law. The facts show two key dates: July 19, 1976, the date that Crues purchased the franchise; and February 7, 1977, the date that KFC sent the cautionary letter. Instruction No. 12 told the jury that it could find that even if Crues had reasonably relied on KFC's initial representation, his reliance terminated when he received the February 7 letter. Consequently, the jury was directed that damages suffered by Crues after February 7 could not be awarded if his reliance had ended then. We find nothing misleading in this instruction, which dealt with damages as opposed to the liability defense. Considered with the charge as a whole, Instruction No. 12 did not misstate the applicable law.[2]

## II.

Crues also argues that the district court, 546 F.Supp. 217 (D.C.Mo.1982), erred in admitting KFC's evidence concerning the conduct of other franchisees who elected not to proceed after receiving letters similar to the one Crues received in February 1977. He contends that such evidence was legally irrelevant because of an absence of proof that other franchisees were situated similarly to Crues.

██ The district court's evidentiary ruling is subject to review only for an abuse of discretion. *See R.W. Murray, Co. v. Shatterproof Glass Corp.,* 758 F.2d 266, 275 (8th Cir.1985). We find no such abuse here. First, the evidence introduced by KFC on this matter was cumulative; Crues had introduced similar proof regarding other franchisees in his case in chief. *See Smith v. Firestone Tire & Rubber Co.,* 755

F.2d 129, 132 (8th Cir.1985). Second, there was some evidence, although not substantial, that the other persons who received the cautionary letter were in similar circumstances. Thus, the evidence was relevant. Questions about how similar the other occurrences may have been relate to the weight of this evidence rather than its admissibility. Crues had ample opportunity to cross-examine the foundation witnesses to show the jury that his situation was unique. We also reject the argument that the evidence of similar franchisees was erroneously highlighted by a question from the bench or defense counsel's closing argument.

## III.

Crues also contends that the district court erred in admitting proof concerning KFC's two offers to convert his fish franchise to a chicken franchise. Crues argues that this evidence was inadmissible as an offer to compromise under Fed.R.Evid. 408.

██ The admission of this evidence is grounds for reversal only if the district court abused its discretion. There is abundant support for the court's decision. First, the evidence introduced by KFC was cumulative; Crues had proved the offer during his case-in-chief. Second, the initial offer was made more than three years before the lawsuit was filed. Rule 408 applies only to an offer to compromise a "claim," and it is not clear that Crues had a claim against KFC in August 1977. To the contrary, his actions at that time showed his intent to proceed with the fish franchise. That the same offer was made after litigation commenced is not a reason to exclude proof of the offer in its initial context. Third, Crues cites no federal cases holding that Rule 408 applies to admissions of compromise against the offeree. The rule is concerned with excluding proof of compromise to show liability of the offeror. C. McCormick, *McCormick on*

---

2. This ruling must be contrasted to our decision on the first appeal. Here we are confronted with what we consider to be procedural requirements under Missouri law concerning instruc-

tions. In our earlier opinion we dealt with omission of a critical substantive element. 729 F.2d at 1151–52.

*Evidence* § 264, at 712 (E. Cleary 3d ed. 1984). KFC submitted the offer to show that Crues was unreasonable in relying on the initial representation in continuing the fish operation. This use of evidence violates neither the spirit nor the letter of Rule 408. *See Vulcan Hart Corp. v. NLRB,* 718 F.2d 269, 277 (8th Cir.1983).

## IV.

■ Finally, we deal with the issue of costs. On September 7, 1984, KFC filed a bill of costs for $7,628.74 with the district court. On September 9, the clerk taxed Crues with this amount even though Crues did not receive notice of or an opportunity to respond to the KFC filing.[3] Consequently, the taxing of costs must be reversed. *See* Fed.R.Civ.P. 54(d); E.D.Mo.R. 24(C).

■ On remand, the district court must deny certain costs requested by KFC. KFC claims $3,240 in transcript fees. Of this amount, $2,754.50 was for preparation of the first-trial transcript. This court has held that the prevailing party at the second trial may be awarded the costs of both trials. *Superturf, Inc. v. Monsanto Co.,* 660 F.2d 1275, 1288 (8th Cir.1981). Nevertheless, this court ordered that the parties bear their own costs for the first appeal. We interpret this order to apply to KFC's expenses in producing a transcript for its appeal from the first trial and the expense of $44.50 for filing the clerk's record on the first appeal.[4] Nor can KFC recover $250 for use of a special process server, because 28 U.S.C. § 1920 (1982) contains no provision for such expenses. *See Zdunek v. Washington Metropolitan Area Transit Authority,* 100 F.R.D. 689, 692 (D.D.C. 1983); 10 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2677, at 371–72 (1983).

Other requests require further factual determinations, and on remand the district court should consider the following:

■ (1) KFC seeks expenses for transcribing portions of the first trial that were not ordered for the appeal but for use during the first trial. Crues contends that this figure cannot be assessed as costs in the second trial. Although this expense may be awarded under *Superturf,* the issue is whether these additional transcripts were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2) (1982). The reason for ordering these extra transcripts has not been explained. On remand, the district court should determine the application of section 1920(2), paying particular attention to *McDowell v. Safeway Stores,* 758 F.2d 1293, 1294 (8th Cir.1985).

· ■ (2) KFC also claims costs of close to $1,000 for trial exhibits, including enlargements. 28 U.S.C. § 1920(4) allows fees for "exemplification and copies of papers necessarily obtained for use in the case." In *Nissho-Iwai Co. v. Occidental Crude Sales,* 729 F.2d 1530 (5th Cir.1984), the court allowed costs for enlargements of documents where the parties had agreed to use enlarged copies at trial. Whether such costs would be allowed absent an agreement was not decided. *Id.* at 1553 n. 36. KFC's supporting materials do not enable us to determine whether the enlargements were "necessarily obtained for use in the case." This question should be decided by the district court before determining whether expenses for enlargements can be covered by section 1920(4).

■ (3) KFC also seeks a $300 fee for the deposition attendance of its expert Grossman. Expenses for expert witnesses not appointed by the court ordinarily are limited by 28 U.S.C. § 1821(a)(1), (b) (1982). On remand, however, the district court should consider this expense in light of *Nemmers v. City of Dubuque,* 764 F.2d 502, 506 (8th Cir.1985), in which the court allowed additional expenses because the expert's testimony was "crucial to the issues decided."

3. The clerk's docket entries do not reflect a notice to Crues, and KFC left blank the certificate of service portion in the bill of costs filed with the clerk.

4. We reject KFC's argument that our earlier order concerning appellate costs was subject to change depending upon which party prevailed upon retrial.

(4) Finally, KFC requests reimbursement for expenses relating to copies of depositions. The record does not show whether the deposition copies were "necessarily obtained for use in the case." This factual question must be addressed on remand, so we need not decide whether expenses for deposition copies can generally be taxed as costs. *See generally SCA Services v. Lucky Stores*, 599 F.2d 178, 180–81 (7th Cir.1979) (discussing conflict over this issue).

The judgment is affirmed and the taxing of costs is reversed and remanded.