**Cheryle A. COLLINS and Heywood Fuller T., Plaintiffs–Appellants,**

v.

**Kay GORMAN, et al., Defendants–Appellees.**

No. 93–1963.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 3, 1996.

Decided Sept. 30, 1996.

---

Cheryle A. Collins, Hazel Crest, IL, pro se.

Heywood T. Fuller, Hazel Crest, IL, pro se.

Richard T. Ryan, Mark F. Smolens, Flynn, Murphy & Ryan, Chicago, IL, for Defendants–Appellees Kendra Gorman, Joseph I. Bopp, Village River Forest.

John Patrick Cleary (argued), Flynn Murphy & Ryan, Chicago, IL, John B. Murphey, Rosenthal, Murphey, Coblentz & Janega, Chicago, IL, for Defendant–Appellee City of Oak Park, Illinois.

Robert J. Palmer, John Dorbin, Law Student (argued), May, Oberfell & Lorber, South Bend, IN, for amicus curiae Robert J. Palmer.

Before POSNER, Chief Judge, and FLAUM and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

After they prevailed in this litigation (the substantive details of which are irrelevant) defendants filed a bill of costs for $5,818.63. Of this amount, $2,628.00 supposedly covered fees for service of summons and subpoenas. The itemization of that line item does not list any particular documents served; instead it recites that some unidentified person spent 43.8 hours serving unidentified documents on unidentified recipients, for $60 per hour. The itemization of another category of costs, witness fees, apparently includes eight trial subpoenas, at a total charge of $484.00, leading one to wonder what became of the genuine witness fees— and if the costs of trial subpoenas appear under "witness fees," then what did the $2,628 cover? The district court declined to require defendants to amplify and approved the whole bill of costs. Its complete explanation reads:

Finding nothing in plaintiffs' motion to rebut the presumption in favor of awarding costs, and finding that defendants' fees for service of subpoenas are sufficiently detailed and reasonable, we grant defendants their Bill of Costs.

Although appellate review of questions regarding costs is deferential, *Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237, 1244 (7th Cir.1985), we cannot affirm because we cannot make head nor tail of the bill of costs. Allowable costs in most cases are limited to the categories in 28 U.S.C. § 1920. Expenses that are not on the statutory list must be borne by the party incurring them. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). We can't tell which outlays were on the list and which weren't; neither could the district judge; and defendants have declined to fill us in about what the unnamed person or persons accomplished during the 43.8 hours in question. So the award must be vacated.

Suppose that, on remand, defendants establish that a private process server spent 43.8 hours locating witnesses and serving trial subpoenas under Fed.R.Civ.P. 45(b)— the most favorable interpretation of the bill of costs, although even this leaves some mystery about the relation between the $2,628 and the $484 "witness fees" that also seems to include trial subpoenas. The only arguably relevant statutory authorization is § 1920(1), which permits the district court to require the loser to pay "[f]ees of the clerk and marshal". Yet whatever it was that happened during those 43.8 hours, none of the work was done by a marshal. These days solvent litigants use private process servers. In 1983 Rule 4 was amended to curtail the marshal's duties in serving the complaint

and summons. After further amendment in 1993, Rule 4(c)(2) provides:

> Service may be effected by any person who is not a party and who is at least 18 years of age. At the request of the plaintiff, however, the court may direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose. Such an appointment must be made when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 or is authorized to proceed as a seaman under 28 U.S.C. § 1916.

Rule 45(b), which deals with trial subpoenas, was amended in 1991 to follow the lead of Rule 4. The marshal's historic role in service has been retained only for admiralty suits and "[p]rocess other than a summons as provided in Rule 4 or subpoena as provided in Rule 45", Fed.R.Civ.P. 4.1(a). Even then the court may appoint a private person to do the work.

When the marshal no longer serves process, § 1920(1) no longer allows the prevailing party to recover the costs of service. So the eighth circuit held in *Crues v. KFC Corp.,* 768 F.2d 230, 234 (8th Cir.1985). The ninth circuit disagreed in *Alflex Corp. v. Underwriters Laboratories, Inc.,* 914 F.2d 175 (9th Cir.1990), reasoning:

> In making Marshal's fees taxable as costs in section 1920(1), we believe Congress exhibited an intent to make service of process a taxable item. Since the enactment of section 1920(1), the method of serving civil summonses and subpoenas has changed. The U.S. Marshal no longer has that responsibility in most cases, but rather a private party must be employed as process server. [Citations omitted.] Now that the Marshal is no longer involved as often in the serving of summonses and subpoenas, the cost of private process servers should be taxable under 28 U.S.C. § 1920(1).

*Id.* at 178 (footnotes omitted). In other words, the ninth circuit thought that § 1920 is out of date, and that its operation should be changed to accord with the realities of modern litigation. In *West Virginia University Hospitals, Inc. v. Casey,* 499 U.S. 83, 97–101, 111 S.Ct. 1138, 1146–48, 113 L.Ed.2d 68 (1991), decided the next year, the Supreme Court rejected that approach to the identification of allowable expenses of litigation. If the statute has an ascertainable meaning, the court held, then it must be applied as written even if the judge is confident that Congress would enact something different if it reconsidered the issue today. Section 1920(1) has an ascertainable meaning. Changes in the rules of procedure mean that § 1920(1) covers a smaller portion of the costs of litigation than it used to; but that development does not alter the meaning of the word "marshal." A private process server may *do* the same thing as a marshal when serving process, and may be faster or cheaper than a marshal, but the private process server does not become a "marshal." We therefore join the second circuit, see *United States ex rel. Evergreen Pipeline Construction Co. v. Merritt Meridian Construction Corp.,* 95 F.3d 153 (2d Cir. 1996), in disapproving the approach of *Alflex.*

To disapprove the ninth circuit's approach is not necessarily to disagree with its outcome. One possibility, which none of the other courts of appeals has considered, is that the changes to the Rules of Civil Procedure override § 1920 in light of the supersession clause in the Rules Enabling Act, 28 U.S.C. § 2072(b). See *Henderson v. United States,* —— U.S. ——, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996). Section 2072(b) provides that "[a]ll laws in conflict with [rules prescribed by the Supreme Court] shall be of no further force and effect after such rules have taken effect." Rules 4 and 45 dispense with the marshal's services. Yet Rule 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party", and outlays for service of process have been part of "costs" for a long time indeed. This would be a good train of argument except for the fact that it does not add up to a "conflict" between a rule and § 1920(1). Rule 4(d)(2), (5) provides for taxing the costs of serving a summons and complaint by hand when the defendant in the United States refuses to waive service and accept delivery by mail; to this extent the supersession clause has been activated. But

Rule 45 lacks a parallel provision for trial subpoenas. The committee notes accompanying the 1991 changes to Rule 45 show that the drafters wanted to reduce the burden on the Marshal Service but did not consider who would pay in the end. Perhaps the Supreme Court should use its power to provide that the expenses of private process servers are taxable as costs, but the existing rule does not accomplish this.

Local rules offer a second possibility. Rules promulgated by a district court, unlike those issued by the Supreme Court, cannot displace statutes. Under Fed.R.Civ.P. 83(a)(1), a district court's local rules must "be consistent with—but not duplicative of—Acts of Congress and rules adopted under 28 U.S.C. §§ 2072 and 2075". But the district court may supplement statutory provisions, and in *United States v. Claros*, 17 F.3d 1041 (7th Cir.1994), we sustained General Rule 1.31 of the Northern District of Illinois, which requires parties to bear the costs of jury pools that are summoned unnecessarily. We need not decide whether a local rule requiring the losing side to pay the winner's outlays for private process servers should be understood as a supplement or as a conflict. The Northern District of Illinois has not adopted such a rule.

Still a third possibility is to read § 1920(1) to permit an award of costs *measured by* the marshal's fees, whether *or not the prevailing party used* the marshal. See *Griffith v. Mt. Carmel Medical Center*, 157 F.R.D. 499, 507–08 (D.Kan.1994), cited with approval in *Evergreen Pipeline*. Section 1920(1) refers to the fees "of" the marshal but does not require payment "to" the marshal. From the losing litigant's perspective, it is irrelevant who delivers the papers, provided the total outlays do not exceed what the marshal would have charged.

When widespread adoption of word processing equipment by law firms blurred the distinction between typing and printing, and between originals and copies, we read Fed.R.App.P. 39(c) to permit the taxation of costs for tasks like those carried out by print shops, provided they did not exceed what a printer would have charged. *Martin v. United States*, 931 F.2d 453 (7th Cir.1991).

A parallel treatment of service expenses would permit recovery of expenses that do not exceed what the marshal would have charged, for the tasks marshals are authorized to perform. A list in 28 U.S.C. § 1921(a) tells us what services a marshal may charge for, and each office has a schedule of fees.

■ Both the second and the ninth circuits would approve taxation of costs computed this way. The eighth circuit might do so too; *Crues* did not consider the possibility. Although the language of § 1920 does not compel this understanding, neither does it preclude it. Because the 1983, 1991, and 1993 changes in the rules are designed to reduce the expense of litigation without altering who must bear that expense, we think it best to resolve the ambiguity of § 1920 in favor of permitting the prevailing party to recover service costs that do not exceed the marshal's fees, no matter who actually effected service. On remand, therefore, the district court must determine which of the service-related items in defendants' bill of costs are described in § 1921(a), and then tax these costs in amounts that do not exceed what the Marshal Service would have charged for these tasks.

Remaining issues raised in the plaintiffs' pro se brief have not been preserved for decision. The amicus curiae, who filed a brief at the court's request to provide additional information about the costs question, has our thanks for a job well done. The award of costs is vacated, and the case is remanded for proceedings consistent with this opinion.