**PRECEDENTIAL**


UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2978
_____

ATINA KNOWLES,
                                    Appellant

v.

TEMPLE UNIVERSITY


_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2:20-cv-03513)
Magistrate Judge:  Honorable Carol S. Wells[1]
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 8, 2024
──────────────

Before: SHWARTZ, PHIPPS, and MONTGOMERY-

_____

[1] The parties consented to Magistrate Judge
jurisdiction under 28 U.S.C. § 636(c)(1).

REEVES, <u>Circuit Judges</u>.

(Filed: July 26, 2024)

Atina Knowles
63 Boulevard E
Keyport, NJ 07735


Neil J. Hamburg
Alpa V. Patel
Hamburg Law Group
1 Franklin Town Boulevard
Suite 1106
Philadelphia, PA 19103
        *Counsel for Appellee*

Natalie L. Peelish
Williams & Connolly
680 Maine Avenue SW
Washington, DC 20024
        *Counsel for Amicus Curiae*

_____

OPINION OF THE COURT
_____


SHWARTZ, <u>Circuit Judge</u>.

2

Atina Knowles appeals the District Court's order denying her motion to strike Temple University's request for taxation of costs and the resulting $2,578.93 award. For the following reasons, we will reverse in part and affirm in part.[2]

I

We outlined the facts of this case when we affirmed the District Court's order granting summary judgment to Temple University on Knowles's due process claims. Knowles v. Temple Univ., No. 21-3131, 2022 WL 3037258 (3d Cir. Aug. 2, 2022) (per curiam). As the prevailing party, Temple filed a bill of costs for service of subpoenas, deposition and hearing transcripts, and copies, which Knowles moved to strike. After holding a conference,[3] the District Court denied the motion and awarded Temple $2,578.93 pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920, which included $625 for private process servers, $1743.55 for transcripts, and $210.38 for copies.[4] Knowles appeals.

---

[2] The Court thanks appointed Amicus Curiae Counsel for their valuable service on this appeal.

[3] Knowles asserts that the District Court engaged in ex parte communications with Temple's counsel during the conference but has provided no evidence that this occurred.

[4] Temple does not challenge the reduction from its original $775.38 request for the copy costs.

## II[5]

### A

In the United States, litigants bear their own expenses for lawsuits unless legislation or a contract provides otherwise. Race Tires Am., Inc. v. Hoosier Racing Tire Corp., 674 F.3d 158, 164 (3d Cir. 2012). Under 28 U.S.C. § 1920, Congress permitted a prevailing party to obtain reimbursement for a "narrow[]," Taniguchi v. Kan Pac. Saipan, Ltd., 566 U.S. 560, 573 (2012), category of expenses "that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)," Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987); cf. id. (holding that "[t]he discretion granted by Rule 54(d) is not a power to evade [§ 1920's] specific congressional command[,]" but "[r]ather, [it] is solely a power to decline to tax, as costs, the items enumerated in § 1920"); accord Race Tires, 674 F.3d at 164 ("Section 1920 . . . define[s] the full extent of a federal court's power to shift litigation costs absent express statutory authority." (internal quotation marks and citation omitted) (alteration in original)). Among other things, the costs for service of process, transcripts, and copies may be awarded. 28 U.S.C. § 1920-21.

---

[5] The District Court had jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291. We review de novo whether an expense may be taxed under § 1920 as a matter of statutory construction. See Race Tires Am., Inc. v. Hoosier Racing Tire Corp., 674 F.3d 158, 164 (3d Cir. 2012). "We reverse only if [a district court's] application [of law] exceeded the bounds of discretion." In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 458 (3d Cir. 2000).

B

Sections 1920(1) and 1921 set forth a court's authority to award a prevailing party reimbursement for the costs of service of process. Section 1920(1) permits an award of "[f]ees of the clerk and marshal[.]" 28 U.S.C. § 1920(1). Section 1921, in turn, outlines the types of fees that "[t]he United States marshals or deputy marshals shall routinely collect, and a court may tax as costs[,]" including "[s]erving a subpoena or summons[.]" 28 U.S.C. § 1921(a)(1), (a)(1)(B). At issue here is whether such costs may be awarded only when the "marshal" performs the service.

The word "marshal" is undefined, so we interpret it "in accordance with [its] ordinary meaning." Sebelius v. Cloer, 569 U.S. 369, 376 (2013) (internal quotation marks and citation omitted). Dictionaries help us with this task. Pa., Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs., 647 F.3d 506, 511 (3d Cir. 2011) (citation omitted). At the time of § 1920(1)'s enactment, the term "marshal" referred to a public, not private, actor. See Marshals, Ballentine's Law Dictionary with Pronunciations (1948) ("Ministerial officers belonging to the executive department of the Federal Government, who with their deputies have . . . powers of executing the laws of the United States"); Private, Ballentine's Law Dictionary with Pronunciations (1948) ("Belonging, relating or pertaining to private individuals, as distinguished from belonging, relating or pertaining to the public"). Interpreting the word "marshal" in § 1920 to mean a public actor is consistent with § 1921, which refers to "[t]he United States marshals or deputy marshals[,]" as those who serve process and does not mention private process servers. 28

5

U.S.C. § 1921(a)(1), (a)(1)(B). Because "the normal rule of statutory construction [is] that identical words used in different parts of the same act are intended to have the same meaning[,]" we interpret the word "marshal" under § 1920(1) to refer to a public actor. Gustafson v. Alloyd Co., 513 U.S. 561, 570 (1995) (internal quotation marks omitted).

Other textual clues lead us to conclude that the statute does not apply to private actors. First, the plain language of the statute tells us that the actors subject to its terms are the singular "clerk" and "marshal." This suggests that the statute does not cover an array of actors. Second, the statute's use of the word "of" is informative. The word "of" means "proceeding from" or "belonging to[.]" Of, Webster's New International Dictionary (2d ed. 1937). Thus, read naturally, "fees of the marshal" means fees belonging to, or incurred by, the marshal—not costs charged by private servers that are equal to or less than the amount of fees that are authorized to be paid to the marshal, as some of our sister circuits have held.[6]

---

[6] Two of our sister circuits have reach a conclusion different from us and one has acknowledged the reasonableness of each view. The Court of Appeals for the Eleventh Circuit has construed § 1920 to encompass private service fees, reasoning that (1) § 1920(1) "refers to the fees 'of' the marshal but does not require payment 'to' the marshal"; (2) "the [phrase] 'fees of the marshal' refers to fees authorized by § 1921, rather than fees collected by the marshal"; and (3) thus, courts may tax "service costs that do not exceed the [amount set for the] marshal's fees, no matter who actually effected service." U.S. EEOC v. W&O, Inc., 213 F.3d 600, 623-24 (11th Cir. 2000); see also Collins v. Gorman, 96 F.3d 1057, 1060 (7th Cir. 1996) (offering a similar interpretation). This

Third, canons of statutory construction and case law also support the conclusion that costs for private servers are not taxable. Interpreting the phrase to capture only public actors is consistent with the canon noscitur a sociis, which provides that "a word is known by the company it keeps." McDonnell v. United States, 579 U.S. 550, 568-69 (2016). Section 1920 uses the terms "marshal" and "clerk" together, 28 U.S.C. § 1920(1), both of whom are public officials, and this indicates that Congress intended the provision to cover expenses incurred by only government actors. Concluding that the provision's plain language applies only to public actors aligns with Supreme Court precedent observing that (1) § 1920 is "narrow [in] scope," Taniguchi, 566 U.S. at 573; and (2) Congress must be "explicit" for an expense to be taxed as costs, Crawford Fitting, 482 U.S. at 445. See id. (concluding that a court may not tax as costs the fees of litigants' witnesses because there is no

conclusion ignores the plain text of the statute and contorts the plain meaning of "fees of the marshal" to mean fees "measured by" the amount authorized for marshal service. The Court of Appeals for the Ninth Circuit has awarded costs for private process servers based on its view of how service is actually occurring in practice and not based on the statute's language. Alflex Corp. v. Underwriters Lab'ys, Inc., 914 F.2d 175, 178 (9th Cir. 1990) (per curiam). The Court of Appeals for the Second Circuit said that it was persuaded by the view expressed by the Seventh and Eleventh Circuits but observed that both the views of those courts and the Eighth Circuit are reasonable and thus a district court did not abuse its discretion in adopting one of these reasonable competing views in declining to award fees for private servers. United States ex rel. Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Corp., 95 F.3d 153, 172 (2d Cir. 1996).

"explicit statutory . . . authorization" to do so); see also Taniguchi, 566 U.S. at 569, 572 (holding "compensation of interpreters" under § 1920(6) does not include the cost of translating documents because the ordinary meaning of "interpreter" at the time of § 1920(6)'s enactment meant someone who "translates orally from one language to another"); Race Tires, 674 F.3d at 169 (deeming costs for e-discovery vendors' review and organization of information not taxable under § 1920(4), as those tasks are not "copying" and permitting such charges would be "untethered from the statutory mooring"); Crues v. KFC Corp., 768 F.2d 230, 234 (8th Cir. 1985) (declining to award fees for "use of a special process server because . . . § 1920 . . . contains no provision for such expenses" (citation omitted)).[7]

Finally, should Congress wish to amend § 1920(1) to cover private service costs, it "kn[ows] how to do so." Crawford Fitting, 482 U.S. at 442. Indeed, Congress has amended § 1920 at least twice, see generally Taniguchi, 566 U.S. at 565-75 (addressing the 1978 amendments to § 1920 and holding them insufficient to cover the requested fees for translating documents); Race Tires, 674 F.3d at 165 (addressing the 2008 amendments and holding e-discovery vendors doing work other than providing copies not covered

---

[7] See also Zdunek v. Wash. Metro. Area Transit Auth., 100 F.R.D. 689, 692 (D.D.C. 1983) ("While 28 U.S.C. § 1920(1) authorizes taxation of the service fees charged by the United States Marshals Service, there is no statutory authorization for awarding the fees of special process servers, as costs . . . . Consequently, the special process fees are not taxable costs.").

8

by § 1920), but left § 1920(1) undisturbed,[8] despite some courts observing a rise in the use of private process servers. See, e.g., Alflex Corp. v. Underwriters Lab'ys, Inc., 914 F.2d 175, 178 (9th Cir. 1990) (per curiam). Accordingly, we decline to interpret § 1920(1) to reach private actors and thus reverse the award for costs incurred for private process servers.

C

The District Court, however, acted within its discretion in awarding Temple transcript and copy costs. Sections 1920(2) and (4), respectively, provide for the taxation of costs for transcripts and copies of materials "necessarily obtained for use in the case[.]" 28 U.S.C. § 1920(2), (4). The contested transcripts and copies were necessary for Temple to prepare for trial even if they were not ultimately used, and Knowles has not explained how the award of those costs is inequitable.

III

For the foregoing reasons, we will affirm as to the award of the transcript and copying fees and reverse as to the service fees.

---

[8] Section 1920(1) traces its origins to the Fee Act of 1853. See Act of Feb. 26, 1853, 10 Stat. 164 (covering "Marshals' Fees . . . [f]or service of any warrant, attachment, summons, capias, or other writ").