Monte C. HANSEN, Linda Hansen, Monte T. Hansen, Duane Jess Humphries, Carol Ravarino and Richard Ravarino, Plaintiffs,

v.

SEA RAY BOATS, INC., Southwest Marine, Professional Mariner, and Newmark Products, Inc., Defendants.

Civ. No. 88–C–708G.

United States District Court, D. Utah, Central Division.

Feb. 23, 1995.

David A. McPhie, McPhie & Nelson, Salt Lake City, UT, Tad D. Draper, Midvale, UT, for plaintiffs.

Donald L. Dalton, Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, UT, for defendants.

## MEMORANDUM DECISION AND ORDER

J. THOMAS GREENE, District Judge.

This matter came before the Court on Defendant Sea Ray's Motion for Review of Taxation of Costs (Personal Injury Case). The matter was jointly submitted by all parties for decision by the Court without oral argument. Plaintiffs Monte C. Hansen, Linda Hansen, and Monte T. Hansen were represented by David A. McPhie of McPhie, Condie, Peck & Nelson. Plaintiffs Carol Ravarino and Richard Ravarino were represented by Tad D. Draper. Defendant Sea Ray was represented by Donald L. Dalton of Van Cott, Bagley, Cornwall & McCarthy.

### PROCEDURAL BACKGROUND

Judgment was entered in favor of defendants in a jury verdict on July 17, 1994. Defendant Sea Ray Boats filed a memorandum of costs with the Clerk of the Court on August 5, 1994. Plaintiffs filed objections on August 17, 1994, and Sea Ray filed a reply memorandum on August 19, 1994. The Clerk taxed costs in the amount of $9,657.89 for deposition costs, $550.00 for witness fees, $307.27 for the cost of demonstrative exhibits, and $40.00 for docket fees. The total amount taxed was $10,555.16. Thereafter, Sea Ray filed the pending Motion to Review the Taxation of Costs.

## ANALYSIS

■ In considering this Motion for Review of Taxation of Costs, the Court performs a de novo review of the Clerk's determinations. *American Steel Works v. Hurley Const. Co.,* 46 F.R.D. 465 (D.Minn.1969).

Defendant Sea Ray objects to the taxation of costs by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1). In this regard, Sea Ray contends that the Clerk erred in: (1) refusing to award the cost of "appearance fees" of the court reporter; and (2) refusing to award the cost of expert witness fees incurred in connection with the depositions of plaintiff's expert witnesses. Correction of these errors, Sea Ray submits, should result in an additional award of $2,409.49 for "appearance fees," and $9,408.50 in expert witness fees. Therefore, the total shortfall amount claimed by Sea Ray is $11,817.99.

### I. *"APPEARANCE FEES."*

This Court has previously ruled that "while [a district court] is given broad discretion in awarding costs, 'it has no discretion to award items as costs that are not set out in [28 U.S.C.] section 1920.'" *Jane L. v. Bangerter,* 828 F.Supp. 1544, 1557 (D.Ut.1993) (Memorandum Decision and Order In Re Attorneys Fees). *See also Bee v. Greaves,* 910 F.2d 686, 690 (10th Cir.1990). The statute in question provides:

A judge or clerk of any court of the United States may tax as costs the following:

. . . .

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

. . . .

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case; . . . .

28 U.S.C. § 1920. Sea Ray argues that the Clerk correctly awarded costs for copies under 28 U.S.C. § 1920(4), but that "appearance fees" which the Clerk refused to award should be determined to constitute a recoverable cost under 28 U.S.C. § 1920(2). The fees Sea Ray has termed "appearance fees" are elsewhere referred to as "per diem" charges.

■ This type of charge represents a cost that is separate and independent from the actual transcription of the deposition. While it is true that an "appearance fee" or "per diem" charge is a cost that is involved in the taking of a deposition, these fees do not correlate to the actual production of the deposition transcript. In this regard, an "appearance fee" is similar to a court reporter's lodging and eating expenses, or other room charges. Although such charges are often incurred in connection with a deposition, such costs are not contemplated under the recovery provisions of 28 U.S.C. § 1920(2). This Court agrees with the view expressed by the court in *Viacao Aerea Sao Paulo v. Intern. Lease Fin. Corp.,* 119 F.R.D. 435, 439 (C.D.Cal.1988), wherein the court ruled as follows:

[C]osts incident to the depositions, namely the court reporter's 'per diem' charge, lodging and eating expenses; and room and beverage charges for the deposition, must be disallowed because § 1920(2) does not provide for taxation of those items.

*See also Crawford Fitting Company v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441–42, 107 S.Ct. 2494, 2497–98, 96 L.Ed.2d 385, 391 (1987).

This Court affirms the determination of the Clerk, and refuses to allow recovery of the costs of court reporter's "appearance fees."

### II. *EXPERT WITNESS FEES.*

■ Sea Ray bases its argument for recovery of additional expert witness fees on an alleged Utah state law policy that permits taxation of expert witness fees as costs. Sea Ray specifically cites *Jensen v. Phillips Petroleum Co.,* No. 920700394 (2nd Jud.Dist. Ct., Davis County) in support of this proposition. This authority is neither persuasive nor binding upon this Court. In this regard, the Tenth Circuit has made it clear that "in a diversity case, federal law controls in regard to the assessment of costs." *Huffman v. Caterpillar Tractor Co.,* 908 F.2d 1470, 1478

(10th Cir.1990).[1] *See also Chapparal Resources, Inc. v. Monsanto Co.*, 849 F.2d 1286, 1291–92 (10th Cir.1988); 10 C. Wright, A. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2669 (1983).

In accordance with *Crawford Fitting*, 482 U.S. at 439, 107 S.Ct. at 2496, 96 L.Ed.2d at 391, this Court holds that "unless authorized by statute or express agreement, expert witness fees are recoverable only within the federal statutory limit for other witnesses." *See Huffman*, 908 F.2d at 1478. The relevant federal statute, 28 U.S.C. 1821(b), provides that "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance."[2] Pursuant to this statute, this Court affirms the Clerk's taxation of costs as concerns expert witness fees, and refuses to award additional expert witness fees in this case. *See Gray v. Phillips Petroleum Co.*, 971 F.2d 591, 593 (10th Cir.1992).

Based on the foregoing, it is hereby:

ORDERED, that Defendant Sea Ray's Motion for Review of Taxation of Costs is DENIED.

1. Sea Ray contends that language found in a footnote in *Cleverock Energy Corp. v. Trepel*, 609 F.2d 1358, 1363 n. 6 (10th Cir.1979) authorizes the Court to look to state law in considering taxation of expert witness fees. In fact, *Cleverock* does not advocate such an approach. Rather, the main text of the opinion states that "it is well settled that expert witness fees are entitled only to the regular [federal] statutory witness fees as part of taxed costs." Further, "[the 10th] circuit has held that the prevailing party is not entitled to excess fees for experts." *Id.* at 1363. In the footnote relied on by Sea Ray, the court merely observed that courts in other jurisdictions have stated "that a federal court sitting in diversity may in its discretion, notwithstanding this general rule, enforce 'an expressed state policy of taxing expert witness fees as part of costs.'" *Id.* at n. 6 (internal citations omitted).

2. Sea Ray argues that Fed.R.Civ.P. 26(b)(4)(C) implies a different result, and points to language of that provision that states that "the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery ..." Sea Ray contends that "[i]t seems only fitting to tax those fees as costs since they are required to be paid for an expert's deposition." (Sea Ray's Memo. at 3–4). The Supreme Court has stated that "Congress has made its intent plain in its detailed treatment of witness fees [in 28 U.S.C. § 1821]." *Crawford*, 482 U.S. at 444–45, 107 S.Ct. at 2499, 96 L.Ed.2d at 393. This Court relies on the explicit language of the comprehensive provisions of 28 U.S.C. § 1821, and the binding decisions of the Tenth Circuit and the Supreme Court, in its determination that recoverable expert witness fees are limited to $40 per day. (28 U.S.C. § 1821 also provides that normal travel expenses and necessary subsistence allowances shall be taxed as costs.)