Boisvert v. Sears                    CV-96-495-M    08/05/98

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Jeanie T. Boisvert,
     Plaintiff

v.                                          Civil No. 96-495-M

Sears, Roebuck & Co.,
     Defendant


## O R D E R


Following a favorable jury verdict on her Title VII claim against Sears, plaintiff, Jeanie Boisvert, moves for attorneys' fees and costs.  Sears objects, raising a variety of issues with respect to Boisvert's requests.  The issues are resolved as follows.


## A.    Costs

Pursuant to Federal Rule of Civil Procedure 54(d)(1), certain costs of litigation, other than attorneys' fees, are awarded to a prevailing party:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C.A § 1920.  The list of taxable costs in section 1920 is exclusive, precluding a broad reading of the statute to include other unlisted costs.  See Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437 (1987); In re San Juan Plaza Hotel Fire Litigation, 994 F.2d 956, 964 (1st Cir. 1993).  In addition, however, as part of Title VII's provision regarding the award of attorneys' fees to the prevailing party, 42 U.S.C.A. § 2000e-5(k) provides for reimbursement of expert witness fees as well, and includes certain costs and expenses of litigation not covered by section 1920, such as computer-assisted research charges and other out-of-pocket expenses normally charged to a client.  See Jane L. v. Bangerter, 61 F.3d 1505, 1517 (10th Cir. 1995); Haroco, Inc. v. American Nat'l Bank & Trust of Chicago, 38 F.3d 1429, 1440 (7th Cir. 1994); United Steelworkers of America v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990); Mennor v. Fort Hood Nat. Bank, 829 F.2d 553, 556 (5th Cir. 1987); Reichman v. Bonsignore Brignati & Mazzotta, P.C., 818 F.2d 278, 283 (2d Cir. 1987).

Sears objects to Boisvert's requests for costs incurred for depositions, photocopies, expert witness fees, certain "miscellaneous" costs, and the form of the bill of costs.  In response, Boisvert has submitted supplemental materials to address at least some of Sears's objections.

1.    Depositions

Boisvert requests reimbursement for costs, $6,052.25, incurred in taking the depositions of seven of Sears's witnesses (David Emond, Margaret Otis, James Mihail, Virginia Frain, Stephen Carey, Richard Cunniff, and Dennis Litwak).[1] Section 1920(2) has been interpreted to permit taxation of costs of taking and transcribing depositions under limited circumstances:

> if depositions are either introduced in evidence or used at trial, their costs should be taxable to the losing party. It is within the discretion of the district court to tax deposition costs if special circumstances warrant it, even though the depositions were not put in evidence or used at the trial.

Templeman v. Chris Craft Corp, 770 F. 2d 245, 249 (1st Cir. 1985); accord Papas v. Hanlon, 849 F.2d 702, 704 (1st Cir. 1988) (holding that deposing opposing party is a reasonable and necessary step in the preparation of a case). A presumption exists in favor of awarding costs if the depositions were used at trial or introduced into evidence, and if not, the court may exercise its discretion to allow costs based on "special circumstances." See Ramos v. Davis & Geck, Inc., 968 F. Supp. 765, 780-82 (D.P.R. 1997). See also Callicrate v. Farmland Indus., 139 F.3d 1336, 1339 (10th Cir. 1998) (costs for depositions taken ONLY for discovery not recoverable); Fogleman v. ARAMCO, 920 F.2d 278, 285 (5th Cir. 1991) (same); Cofield v. Crumpler, --- F.R.D. ---, 1998 WL 206012 (E.D. Va. 1998) (same

---

[1] The amount listed for depositions includes both the costs of transcripts and "appearance fees." As Sears does not contest including appearance fees in the costs of depositions, the court will not sua sponte address that question. See, e.g., Hansen v. Sea Ray Boats, Inc., 160 F.R.D. 166, 167 (D. Utah 1995).

3

and discussing meaning of "necessarily obtained for use in the case" under § 1920); Gochis v. Allstate Ins. Co., 162 F.R.D. 248, 250 (D. Mass. 1995) (same).

Boisvert's attorney, Heather Burns, says in her affidavit that she called all seven witnesses to testify and used the deposition transcripts both to prepare her examinations and in part for impeachment at trial. As the depositions were not merely for discovery, but instead were necessary for use in Boisvert's case, the costs of taking the depositions are allowed.

### 2.  Photocopying

Boisvert requests $1979.50 for costs of photocopying. Costs of photocopying are recoverable under section 1920(4) to the extent the copies were "necessarily obtained for use in the case." Copies used at trial and copies filed with pleadings are taxable, while copies made for discovery or for counsel's convenience are not. See Boyadjian v. CIGNA Cos., 994 F. Supp. 278, 280-81 (D.N.J. 1998); Brewer-Giorgio v. Bergman, 985 F. Supp. 1478, 1485 (N.D. Ga. 1997).

Boisvert's attorney has submitted an itemized list of photocopying charges but in general has not indicated which items may have been submitted with pleadings or which were used at trial. Some of the explanations for the charges indicate that copies were made for counsel's convenience, i.e. to send to Boisvert and to use as working materials. The court identifies the following charges, by date, as allowable and disallows the

4

remainder as insufficiently itemized or explained to determine whether they are taxable under section 1920(4):

8/15/97 - $48.00; 8/28/97 - $47.70; 9/12/97 - $96.30; 10/21/97 - $132.30; 12/31/97 - $21.75; 1/27/98 - $57.00; 1/28/98 - $73.80; 3/10/98 - $51.75; 4/9/98 - $49.80; 4/15/98 - $23.10. The total amount allowed for photocopying costs is $601.50.

### 3. Expert Witness Fees

Boisvert seeks $5122.50 in expert witness fees for the services of Dr. Alan McCausland, and says she also intends to ask for an additional $1200 for a retainer that was paid but inadvertently omitted from her bill of costs. Ms. Burns candidly acknowledges that much of Dr. McCausland's time was spent working on a potential "front pay" claim that was later abandoned. At trial, Dr. McCausland's testimony was limited to Boisvert's back pay claim, for which the jury awarded her $18,519.00, and Sears's net worth. The invoices submitted in support of her request for expert witness fees include fees for "associate work" billed at $100 and $85 per hour. The "associates" are not identified.

The amount requested in expert witness fees is somewhat excessive in light of the recovery based upon expert testimony. The court approves the expert witness fee for Dr. McCausland, reflected on his May 12, 1998, invoice, for trial preparation and testimony in the amount of $2,231.25, as part of plaintiff's attorneys' fees allowed pursuant to 42 U.S.C.A. § 2000e-5(k). The remainder of the claim is disallowed.

5

## 4.    Other Costs

Sears objects to taxation of expenses, in addition to expert witness fees, grouped in Boisvert's bill of costs as "other costs."  These include telephone, Westlaw research, postage, mileage, and fax charges that are reimbursable as part of reasonable out-of-pocket costs of litigation, generally included within attorneys' fees.  See, e.g., Wilcox v. Stratton Lumber, Inc., 921 F. Supp. 837, 850 (D. Me. 1996).  As the miscellaneous costs listed appear to be reasonable and usual costs of litigation, the amount requested, $966.77, is allowed as part of attorneys' fees pursuant to 41 U.S.C.A. § 2000e-5(k).

Sears also objects to $174.00 of costs for printing. Boisvert has explained that those costs were incurred in making "blow ups" of exhibits used at trial.  Such printing charges are allowable under section 1920(3).

To summarize, the following costs are allowed: $6,052.25 (deposition costs); $174.00 (printing); $238.42 (witness fees); $601.50 (photocopying);  $120.00 (docket fees); $2,231.25 (expert witness fees); $966.77 (other costs) for a total of $10,384.19.

## B.    <u>Attorneys' Fees</u>

As Ms. Boisvert is a prevailing party within the meaning of 42 U.S.C.A. § 2000e-5(k), the court will award her reasonable attorneys' fees.  She was primarily represented by Attorney Heather Burns from the Manchester law firm of Bossie, Kelley, Hodes, and Buckley, Professional Association.  Ms. Burns was

assisted by Attorney Michael McGrath, and a law clerk, David

LeFevre.[2]  Boisvert requests a total of $143,474.50 in attorneys'

fees for 1270.20 hours of representation through trial (not

including time spent in preparing her motion for attorneys' fees

or other post trial motions).  Sears objects to the fees

requested, arguing that time records were not submitted in proper

form and that much of the time claimed was spent in duplicative,

unproductive, or unsuccessful work.

In this circuit, "the lodestar method is the strongly

preferred method by which district courts should determine what

fees to award prevailing parties."  Coutin v. Young & Rubicam

Puerto Rico, Inc., 124 F.3d 331, 337 (1st Cir. 1997).[3]  At the

first step, a lodestar amount is calculated by multiplying an

appropriate hourly rate by the number of hours reasonably

---

[2]  The submitted billing statement also includes charges for professional services that are not identified in Ms. Burns's affidavit.  For example, for January and February of 1996, there are entries for "INT" whose time is billed at an hourly rate of $70.00; in March of 1996 and January and March of 1997, there are entries for "JG" also billed at $70.00 per hour; and on April 3, 1998, there is an entry for "LEK" billed at an hourly rate of $170.

[3]  In Coutin, the court relied on 42 U.S.C.A. § 1988 as the statutory basis for an award of attorneys' fees following plaintiff's favorable verdict on her Title VII claim.  While section 2000e-5(k) is ordinarily the appropriate statutory authority for fee awards in Title VII cases (section 1988 applies to other civil rights claims), the Supreme Court has held that the law and standards applicable to section 1988 are equally relevant to awarding fees in Title VII cases under section 2000e-5(k).  See Quaratino v. Tiffany & Co., 129 F.3d 702, 706 n.6 (2d Cir. 1997) (citing Hensley, 461 U.S. at 433 n.7); see also Arvinger v. Mayor and City Council of Baltimore, 31 F.3d 196, 200 (4th Cir. 1994).  Thus, Coutin and other cases analyzing awards under section 1988 serve as appropriate authority in resolving this Title VII fee awards claim.

expended in the litigation.  <u>Burlington v. Daque</u>, 505 U.S. 557, 562 (1992).  In making that calculation, the court is not bound by the hours and rates claimed by the party, but instead may deduct time spent unsuccessfully or unproductively and may adjust the hourly rates assigned to time spent.  <u>Coutin</u>, 124 F.3d at 337.  Once the lodestar is determined, the court may adjust the total award based on accepted principles, such as the party's degree of success, as long as the same considerations were not used to adjust the lodestar calculation, thereby causing a double reduction.  <u>Id</u>. at 339; <u>see also</u> <u>Andrade v. Jamestown Housing Authority</u>, 82 F.3d 1179, 1191 (1st Cir. 1996); <u>Phetosomphone v. Allison Reed Group, Inc.</u>, 984 F.2d 4, 8-9 (1st Cir. 1993).  "Where settlement is not possible, the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."  <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 437 (1983).

### 1.    Time Records

Attorney Burns submitted a computer-generated billing statement of time expended on this case.  The statement reflects the date work was done, initials of the person who did the work, a brief description of the work, time spent, hourly rate, and the amount to be charged.  Sears objects that the statement does not satisfy the requirement that a party seeking attorneys' fees must support her request with contemporaneous particularized time records.  <u>See</u> <u>Weinberger v. Great Northern Nekoosa Corp.</u>, 925

8

F.2d 518, 526-27 (1st Cir. 1991); <u>Grendel's Den v. Larkin</u>, 749

F.2d 945, 952 (1st Cir. 1984).

The court is satisfied, however, that the billing statement submitted was properly compiled from contemporaneously kept time records and is not an after-the-fact reconstruction or summary of attorneys' time records. Thus, the billing statement satisfies the requirement of a proffer based on contemporaneous time records. <u>See, e.g.</u>, <u>Cruz v. Local Union Number 3 of the Int'l Bhd. of Elec. Workers</u>, 34 F.3d 1148, 1160 (2d Cir. 1994); <u>Emmel v. Coca-Cola Bottling Co. of Chicago, Inc.</u>, 904 F. Supp. 723, 751 (N.D. Ill. 1995); <u>Morin v. Secretary of Health and Human Servs.</u>, 835 F. Supp. 1431, 1438-39 (D.N.H. 1993).

## 2. Hours Reasonably Expended

Sears argues that many of the time entries on the billing statement are for excessive, duplicative, or unproductive activities rather than for time reasonably expended on Boisvert's successful claim. In particular, Sears challenges time spent on letters to Sears and to Boisvert, memos to the file, discovery motions, written discovery, law clerk's activities, and plaintiff's objection to summary judgment.[4] In addition, Sears asks that the award be reduced by thirty percent for time either not reasonably spent or not sufficiently particularized in the

---

[4] Sears calculated time spent by Boisvert's attorneys for particular work. As Boisvert has not disputed Sears's calculations, the court will assume for purposes of the present fee application that the calculations are accurate.

9

billing statement, and by an additional fifty percent to account for her success on only one of her two claims.

### a.  Letters and Memos

Sears contends that the billing statement includes excessive amounts of time spent writing letters and memos to the file — approximately 28 hours spent writing letters to Sears, 21.6 hours writing letters to Boisvert, and 11.8 hours composing memos to the file between January 1996 and May 1998.[5]

Boisvert's counsel makes little effort to justify or explain the letters.  Sears notes that the billing statement shows six separate entries for letters to Sears on November 11, 1997, which Sears interprets as six separate letters to Sears generated on the same day.  While other logical explanations might be possible (such as separate time notations for the same letter worked on during different times in the day), Boisvert's counsel does not offer any clarification.  Instead, counsel argues that the time spent writing letters to Sears was only two percent of the total time for the case, that some of the letters were in response to requests from Sears, and that letters following a telephone conversation are good practice.  Counsel argues, without providing detail, that the time spent writing letters to her client, Boisvert, was necessary to comply with her professional responsibility to keep her client informed of the case.

_____

[5]  Sears says that there are 111 separate entries for letters to Sears in a period of a little more than a year.  The billing statement itself covers a longer period.

10

As the court agrees that the time claimed seems somewhat excessive, ten hours will be deducted from the total of Attorney Burns's time to account for the excess.

### b. Discovery

Sears objects to any award of fees for time spent on three unsuccessful discovery motions (which Sears contends were "dilatory") and argues that the time claimed for written discovery, 66 hours by Ms. Burns and 20 hours by Mr. LeFevre (law clerk), is excessive. The three discovery disputes cited by Sears do not appear to have been instigated for purposes of delay or in bad faith. That Boisvert's counsel unsuccessfully disputed discovery issues or spent more time than minimally necessary on written discovery, does not mean her work should be uncompensated. The expenditure of time was reasonable and no reduction is warranted.

### c. Objection to Summary Judgment

Sears objects to the hours spent in opposition to its motion for summary judgment which Sears calculates as 140.8 hours — 82 hours by Attorney Burns and 58.8 hours by her law clerk. Sears moved for summary judgment on grounds that both of Boisvert's claims alleging gender discrimination in violation of Title VII relative to Sears's decisions (1) to terminate her employment during the reorganization in February 1993, and (2) not to rehire her in August 1993, were barred because she had not filed her

11

administrative complaint in a timely manner and because she could not show discriminatory intent. Summary judgment was granted as to Boisvert's discriminatory termination claim on grounds that it was untimely filed.

Plaintiff's degree of success is an important factor to consider in calculating the number of hours reasonably expended, but only when the court can reliably separate time spent on discrete claims, segregate time spent on unsuccessful claims, and deduct that time from the total. Hensley, 461 U.S. at 435; accord Coutin, 124 F.3d at 339. In contrast, when plaintiff's claims are interrelated, sharing common facts and legal theories, a reduction in time to reflect a lack of success is not appropriate if any attempt to separate hours spent on an unsuccessful claim would be futile. See Hensley, 461 U.S. at 435; Lipsett v. Blanco, 975 F.2d 934, 940-41 (1st Cir. 1992).

Here, Boisvert's two claims involved the same series of events, essentially the same people, and the same legal theories. For purposes of opposing Sears's motion, however, the termination claim required developing different and ultimately unsuccessful theories (serial violation and equitable estoppel) in attempting to avoid summary judgment for failure to timely file an administrative complaint. In addition, the hours spent preparing Boisvert's objection to summary judgment appear to reflect industriousness, but are somewhat excessive when measured against the work product submitted and the result achieved.

12

Accordingly, Ms. Burns' time is reduced by 20 hours, and Mr. LeFevre's time is reduced by 10 hours.

### d. Law Clerk's Deposition Work

Sears objects to the time billed for Mr. LeFevre to attend depositions with Ms. Burns and for indexing depositions. Ms. Burns explains that Mr. LeFevre only attended depositions where he assisted with exhibits and note taking. Although Mr. LeFevre's work may well have been helpful and convenient for Ms. Burns, it was nevertheless duplicative of her own responsibilities at the depositions. The court agrees 34 hours spent by Mr. LeFevre attending depositions with Ms. Burns should be deducted.

Indexing depositions, however, is a necessary part of trial preparation. See Lipsett, 975 F.2d at 939-40. The time spent, 66.4 hours, to index 1,952 pages of deposition testimony, does seem to be modestly excessive for the task at hand. At that rate, on average, Mr. LeFevre would have spent two minutes per page on his efforts. As approximately half of that time seems reasonable to the court, 30 hours will be deducted from Mr. LeFevre's time.

### 3. Reasonable Hourly Rate

Ms. Burns has billed all of her hours at her new rate of $140.00 per hour, although her hourly billing rate up until March 1997 was $130.00 per hour. Her hourly rate shall be amended to reflect her contemporaneous hourly rate when the work was done,

13

and physically the fees awarded will be based on the corrected hourly rate. The court also notes that Ms. Burns billed her full hourly rate for time spent traveling, waiting, attempting telephone calls, and physically filing pleadings. Activities that do not require the skills of a lawyer should not be billed at her full rate. See Lipsett, 975 F.2d at 940. The time billed shall be amended in the exercise of "billing judgment." See Hensley, 461 U.S. at 433-34.

The firm billed time for David LeFevre at an hourly rate of $70.00. Mr. LeFevre was a law student while he worked on the case. Much of his time related to activities ordinarily accomplished by clerical staff or paralegals, such as indexing depositions, serving or filing pleadings, and organizing exhibits. Accordingly, an hourly rate of $60.00 would be reasonable. The fee application shall be amended to reflect Mr. LeFevre's time billed at $60.00 per hour.

### 4.   Sears's Additional Requests for Reduction

Sears asks that the lodestar award be reduced by thirty percent to account for time that has not been described in sufficient detail or was not reasonably spent in preparation of the case. As noted above, there are services included in the billing statement performed by persons identified only by initials. The court cannot evaluate the reasonableness of the time spent or the hourly rate charged for the unidentified people. The charges attributed to them are disallowed.

14

In all other respects, the deductions to the hours and hourly rates made in this order sufficiently address Sears's concerns.  No percentage reduction is warranted for deficiencies in the application.

Sears also asks that the lodestar award be reduced by half to reflect Boisvert's limited success, since only one of her two claims survived to trial.  Any reduction in an attorneys' fee award based on lack of success in the results obtained in a civil rights suit requires a careful examination of the nature of the claims and the result.  See Rodriguez-Hernandez v. Miranda-Velez, 132 F.3d 848, 858-60 (1st Cir. 1998); Coutin, 124 F.3d at 338-41. Assessment of a plaintiff's "success" turns on a combination of "a plaintiff's success claim by claim, ... the relief actually achieved, [and] the societal importance of the right which has been vindicated."  Id. at 338.

As is discussed above, Boisvert's claims were sufficiently interrelated to preclude reduction of time spent on the termination claim (other than a slight reduction in the number of hours expended in opposing summary judgment).  In addition, Boisvert received significant relief on her remaining claim:  in fact, she was awarded much more than the statutory cap would permit — a verdict of $300,000 in compensatory damages, $18,519.00 in back pay, and $700,000 in punitive damages. Under these circumstances, no further reduction of the lodestar award is warranted.  See Hensley, 461 U.S. at 435; Rodriguez-Hernandez, 132 F.3d at 859; Coutin, 124 F.3d at 339.

15

## C. **Summary**

"A request for attorneys' fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee." <u>Hensley</u>, 461 U.S. at 437. To that end, within twenty days of the date of this order, plaintiff shall file in court and send to defendant an amended statement of her attorneys' fees that incorporates the reductions and changes ordered herein and includes any additional (and final) request for <u>reasonable</u> fees incurred in preparing the motion for an award of fees.[6] Defendant shall pay the fees as calculated in the amended statement (or an amount agreed by the parties) or file an <u>appropriate</u> objection within ten days of the date the amended application is filed.

## Conclusion

For the foregoing reasons, plaintiff's motion for fees and costs (document no. 85) is granted in part as set forth in this order. The clerk of court shall tax $10,384.19 in costs to be paid by Sears to Ms. Boisvert. Plaintiff shall file and send to Sears within twenty days of the date of this order an amended statement of her attorneys' fees. Defendant shall respond within ten days as described in this order.

---

[6] Time spent compiling a fee application is often compensated at a reduced rate. <u>See</u> <u>Brewster v. Dukakis</u>, 3 F.3d 488, 494 (1st Cir. 1993). Plaintiff shall append sufficient particularized records of her attorneys' time expended on the fee application to support her claim.

16

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

August 5, 1998

cc:   Heather M. Burns, Esq.
       Byry D. Kennedy, Esq.
       Joan Ackerstein, Esq.