Dominga ARRAMBIDE; Jesse Ar-rambide, Husband, Plaintiffs–Appellants,

v.

WAL–MART STORES, INC., Wal–Mart Stores, East, Inc., d/b/a Wal–Mart, Defendants–Appellees.

No. 00–6272.

United States Court of Appeals, Sixth Circuit.

April 4, 2002.

Before KENNEDY and DAUGHTREY, Circuit Judges; and BELL, Chief District Judge.*

PER CURIAM.

In this diversity case, plaintiffs Dominga and Jesse Arrambide ("Mrs. and Mr. Arrambide") sued defendants Wal–Mart Stores, Inc. and Wal–Mart Stores, East, Inc. (collectively "Wal–Mart") for injuries sustained by Mrs. Arrambide when she fell in the lawn and garden center at a Memphis Wal–Mart store. Mrs. Arrambide claims that she fell because Wal–Mart created a dangerous condition by its placement of a pallet on the floor and because the pallet was defective. The district court found that Wal–Mart did not owe Mrs. Arrambide a duty on these facts and that Wal–Mart was entitled to summary judgment. Plaintiffs also argue that the district court improperly awarded costs to

Wal–Mart. As explained below, we AFFIRM the decision of the district court in granting summary judgment to Wal–Mart and AFFIRM the decision of the district court taxing costs.

I.

On April 8, 1998, Mrs. Arrambide, was using a shopping cart to shop for tomatoes, peppers, and plastic planting pots at a Memphis Wal–Mart. In the lawn and garden section of the store, her interest was attracted by some pots. To reach the pots, Mrs. Arrambide had to leave her cart at the end of the aisle because the aisle was too narrow. After leaving her cart, she walked by a pallet and through the aisle to look at the pots. Returning to her shopping cart, Mrs. Arrambide claims that "my feet became entangled with the board which was part of the pallet and I fell."

II.

This Court reviews a grant of summary judgment *de novo.* *DBM Techs., Inc. v. Local 227, United Food & Commercial Workers Int'l Union,* 257 F.3d 651, 655 (6th Cir.2001). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). An issue concerning a material fact is genuine if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

* The Honorable Robert Holmes Bell, Chief United States District Judge for the Western District of Michigan, sitting by designation.

Under Rule 56, the court must view the evidence in a light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248. Summary judgment is proper if the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to the party's case for which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

### III.

To prove a cause of action for negligence, plaintiffs must first show that Wal–Mart owed Mrs. Arrambide a duty of care. *Coln v. City of Savannah*, 966 S.W.2d 34, 39 (Tenn.1998). "[T]he existence of a legal duty[ ] is a question of law for the court." *Id.* In granting summary judgment to Wal–Mart, the district court found that Wal–Mart did not owe a duty of care to Mrs. Arrambide in this case.

Premises owners owe business invitees "a duty 'to exercise reasonable care to keep the premises in a reasonably safe and suitable condition, including the duty of removing or warning against a dangerous condition.'" *Hardesty v. Serv. Merch. Co., Inc.*, 953 S.W.2d 678, 681 (Tenn.Ct.App. 1997) (quoting *Self v. Wal–Mart Stores, Inc.*, 885 F.2d 336, 338 (6th Cir.1989)). Traditionally, a premises owner did not owe a duty as to dangerous conditions, which were "open and obvious." *Coln*, 966 S.W.2d at 40. In *Coln*, the Tennessee Supreme Court found that despite the "open and obvious" nature of a dangerous condition, a premises owner may owe a duty of care. *Id.* at 43. The test is "if the foreseeability and gravity of harm posed from a defendant's conduct, even if 'open and obvious,' outweighed the burden on the defendant to engage in alternative conduct to avoid the harm, there is a duty to act with reasonable care." *Id.*

The first allegedly dangerous condition is that Wal–Mart placed the pallet in a dangerous position on the floor. In particular, Mrs. Arrambide contends that Wal–Mart owes her "a duty to insure that its aisles are sufficiently wide for a shopping cart to pass through." Mrs. Arrambide cites no case law to support this duty. Moreover, applying the *Coln* test to the placement of the pallet on the floor, the foreseeability and gravity of the harm to Mrs. Arrambide from the narrow aisle does not outweigh the burden on Wal–Mart to ensure that the aisle was not too narrow for a shopping cart. The foreseeability and gravity of harm is minimal because the narrowing of the aisle was open and obvious. In fact, the narrowing of the aisle was more than open and obvious. Mrs. Arrambide actually observed the narrowing of the aisle and the placement of the pallet as evidenced by her decision to leave her shopping cart at the end of the aisle and to walk around the pallet the first time. In a similar case involving a plaintiff tripping over a metal strip in a doorway, the Tennessee Court of Appeals noted that "[e]ven though the attention of the injured party may have been diverted by his search for the parts department, he had adequate opportunity to familiarize himself with the nature of his pathway ... on the day of his injury as he approached the doorway from the parking lot." *Herbison v. Hansen Chrysler Plymouth, Inc.*, No. 01A01–9710–CV–00594, 1998 WL 485668, at *3 (Tenn.Ct.App. Aug.19, 1998). Thus, Mrs. Arrambide was sufficiently aware of the pallet's existence and familiar with its placement for her to

reasonably avoid any harm associated with the placement of the pallet on the floor.

■ Mrs. Arrambide's second argument is that the pallet, which she tripped on, was itself a dangerous condition because it was defective. To show a duty with respect to a dangerous condition, "the plaintiff must establish (1) that the defendant created the condition or (2) that the defendant had actual or constructive notice of the condition prior to plaintiff's injury." *Hardesty v. Serv. Merch. Co., Inc.*, 953 S.W.2d 678, 682 (Tenn.Ct.App.1997). As the district court noted, there is no evidence in the record that Wal–Mart created the alleged defect in the pallet. Similarly, Mrs. Arrambide has not offered any evidence that Wal–Mart had constructive notice of the allegedly defective condition of the pallet. *Hardesty*, 953 S.W.2d at 682 ("As a general rule, constructive knowledge cannot be established without some showing of the length of time the dangerous condition had existed."). On the contrary, photographs admitted by Mrs. Arrambide do not indicate any defect in the pallet. Consequently, because Mrs. Arrambide has not established either that Wal–Mart caused any defect in the pallet or that Wal–Mart had knowledge of any defect in the pallet, she has failed to demonstrate that Wal–Mart owed her a duty.

### IV.

Plaintiffs object to the district court's taxing of costs for private process server fees, for the court reporter's appearance fee at the depositions, and for deposition fees. "We review the district court's award of taxation of costs for an abuse of discretion." *Trepel v. Roadway Express, Inc.*, 266 F.3d 418, 425 (6th Cir.2001). " 'A district court abuses its discretion when it relies on clearly erroneous findings of fact, uses an incorrect legal standard, or applies the law incorrectly.' " *Bovee v. Coopers &* *Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir.2001) (quoting *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Reg'l Transit Auth.*, 163 F.3d 341, 347 (6th Cir.1998)).

Plaintiffs' first objection is that it was an error of law for the district court to tax costs for private process servers. In *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 446, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987), the Supreme Court "h[e]ld that absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920." *Id.* at 445. 28 U.S.C. § 1920 provides "[a] judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal." 28 U.S.C. § 1920. Plaintiffs argue that because private process server fees are not specifically listed in § 1920, defendants may not recover these costs. Defendants counter that as a result of changes to FED. R. CIV. P. 4, the United States Marshal no longer has primary responsibility for service of process and that consequently, it is appropriate to tax costs for private process servers.

■ The majority of circuit courts to address this issue have permitted the taxing of private process server fees. *Compare United States E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 624 (11th Cir.2000) ("We hold that private process server fees may be taxed pursuant to §§ 1920(1) and 1921."), *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir.1996) ("[W]e think it best to resolve the ambiguity of § 1920 in favor of permitting the prevailing party to recover service costs that do not exceed the marshal's fees, no matter who actually effected service."), *United States for Use and Benefit of Evergreen Pipeline Const. Co., Inc. v. Merritt Meridian Const. Corp.*, 95 F.3d

153, 172 (2d Cir.1996) ("[T]he court believes the taxation of costs for special process servers is justifiable."), *and Alflex Corp. v. Underwriters Labs., Inc.,* 914 F.2d 175, 178 (9th Cir.1990) ("We also hold that private process servers' fees are properly taxed as costs.") *with Crues v. KFC Corp.,* 768 F.2d 230, 234 (8th Cir.1985) ("Nor can KFC recover $250 for use of a special process server, because 28 U.S.C. § 1920 (1982) contains no provision for such expenses."). The Second, Seventh, and Eleventh Circuits have reasoned that § 1920 permits taxing of the fees of the United States Marshal but does not require that the fees be paid to the United States Marshal. As the Seventh Circuit in *Collins* noted, "[f]rom the losing litigant's perspective, it is irrelevant who delivers the papers, provided the total outlays do not exceed what the marshal would have charged." *Collins,* 96 F.3d at 1060. We adopt this persuasive reasoning and hold that a district court may tax costs for private process server fees to the extent that these private process server fees do not exceed the United States Marshal's fees. Thus, the district court's decision to award private process server fees is supported by the law.

■ Second, Plaintiffs object that under § 1920, the district court does not have discretion to tax costs for the court reporter's appearance fee. *Hansen v. Sea Ray Boats, Inc.,* 160 F.R.D. 166, 167 (D.Utah 1995) ("This Court affirms the determination of the Clerk, and refuses to allow recovery of the costs of court reporter's 'appearance fees.' "); *Viacao Aerea Sao Paulo, S.A. v. Int'l Lease Fin. Corp.,* 119 F.R.D. 435, 439 (C.D.Cal.1988) ("[C]osts incident to the depositions, namely the court reporter's 'per diem' charge, lodging and eating expenses; and room and beverage charges for the deposition, must be disallowed because § 1920(2) does not pro-

vide for taxation of those items."). Under 28 U.S.C. § 1920(2), the district court has the authority to tax costs for "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Previously, this Circuit has noted that "subsections (2) and (4) of § 1920 have been interpreted to authorize taxing as costs the expenses of taking, transcribing and reproducing depositions." *Sales v. Marshall,* 873 F.2d 115, 120 (6th Cir.1989). The court reporter's appearance fee is necessary to take a deposition. Hence, the district court correctly determined that it was permissible to tax costs for the appearance fee.

■ Plaintiffs' last objection is that Wal–Mart has not met its burden to show that the depositions in this case were necessary. Plaintiffs claim that the depositions were unnecessary because they were used sparingly. "Necessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling." *Sales,* 873 F.2d at 120. The district court specifically noted that "[t]he depositions were used as the evidentiary basis for defendant's motion for summary judgment and were substantially relied on by this court in determining that motion." This factual finding is not clearly erroneous as the depositions established key facts in the resolution of the summary judgment motion. In particular, Mrs. Arrambide acknowledged in her deposition that she was aware of the pallet and that she walked around the pallet the first time without incident. Consequently, the district court did not abuse its discretion in awarding costs for depositions.

## V.

As explained, the district court's decision granting Wal–Mart's motion for summary judgment is **AFFIRMED.** Addi-

tionally, the district court's decision taxing costs for a private process server, for the court reporter's appearance fee, and for depositions is **AFFIRMED**.