Catherine C. Eagles, District Judge *434 The plaintiff, Ariana Qayumi, asks the Court to review the taxation of costs by the Clerk. Specifically, she objects to the taxation of private subpoena service expenses, contending that private process server fees are not recoverable under 28 U.S.C. § 1920. The Court agrees that § 1920 does not permit taxation of fees for private process servers, and will direct the Clerk to exclude these expenses from the taxable costs.
1. BACKGROUND
After this Court granted summary judgment in favor of defendant Duke University, see Doc. 97, Duke filed a Bill of Costs in the amount of $7,385.17. Doc. 102. As is relevant here, Ms. Qayumi objected to $2,145[1] in fees for private process servers.[2] See Doc. 104; Doc. 106; Doc. 107 at 3. Duke contended it was entitled to these fees because they are allowed under this district's Local Rules. See LR 54.1(c)(1)(v) (allowing taxation of "[r]easonable costs for service by private process servers" as costs). The Clerk included these fees in the award of costs. Doc. 109 at 1.
2. LEGAL STANDARD
"Unless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). While this rule "creates the presumption that costs are to be awarded to the prevailing party," Cherry v. Champion Int'l Corp. , 186 F.3d 442, 446 (4th Cir. 1999), the decision to award costs is within the court's discretion. See Marx v. Gen. Revenue Corp. , 568 U.S. 371, 377, 133 S.Ct. 1166, 185 L.Ed.2d 242 (2013) ; see also Constantino v. Am. S/T Achilles , 580 F.2d 121, 123 (4th Cir. 1978).
The term "costs" as used in Rule 54(d) is defined by statute in 28 U.S.C. § 1920, Crawford Fitting Co. v. J. T. Gibbons, Inc. , 482 U.S. 437, 441-42, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987), which establishes six categories of recoverable costs.[3] Courts have no discretion to expand the definition of "costs" beyond those specifically enumerated in 28 U.S.C. § 1920. See Crawford Fitting , 482 U.S. at 442, 107 S.Ct. 2494 (holding that Rule 54(d) provides courts with "a power to decline to tax, as costs, the items enumerated in § 1920" and provides no discretion to award costs not enumerated under § 1920 ).
Finally, costs should be limited to those reasonably necessary at the time *435 they were incurred. Cf. LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n , 830 F.2d 522, 528 (4th Cir. 1987) ("A district court should award costs when the taking of a deposition is reasonably necessary at the time of its taking."). The prevailing party bears the burden of showing that costs are allowed by § 1920 ; once the prevailing party makes this showing, the burden shifts to the losing party to show the impropriety of the costs. Cofield v. Crumpler , 179 F.R.D. 510, 514 (E.D. Va. 1998). On motion after the clerk's taxation of costs, the court may review the clerk's actions de novo . See Fed. R. Civ. P. 54(d)(1) ; Mitchell-Tracey v. United Gen. Title Ins. Co. , 839 F.Supp.2d 821, 825 (D. Md. 2012).
3. ANALYSIS
The bulk of Duke's subpoenas were issued to obtain Ms. Qayumi's medical and educational records, which she did not produce in discovery. Her medical and education history were directly at issue in the case, and it was reasonable for Duke to obtain them by subpoena. Duke has presented evidence that the fees charged were reasonable and Ms. Qayumi has provided no evidence to the contrary. The Court finds that these fees were reasonable under the circumstances.
Because Duke's subpoenas were reasonable, the narrow legal issue before the Court is whether private process server fees are recoverable under § 1920(1), which provides that "[f]ees of the clerk and marshal" are taxable as costs. There is a longstanding circuit split on this issue, Schwarz & Schwarz of Va., LLC v. Certain Underwriters at Lloyd's , No. 6:07-cv-00042, 2010 WL 452743, at *3 (W.D. Va. Feb. 8, 2010) (collecting cases), and the Fourth Circuit has not expressed its view-even, as best the Court can tell, in an unpublished decision.
The Eighth Circuit does not allow recovery of private process service fees as costs because § 1920 contains no provision for the taxation of those expenses.[4] The Fifth Circuit also disallows taxation of private service fees, unless exceptional circumstances require the use of a private server.[5] The Second, Seventh, and Eleventh Circuits read § 1920(1) and § 1921(a)(1)(B), which authorizes marshals to collect and courts to tax as costs fees for serving a subpoena or summons, together to mean that prevailing parties can recover private fees to the extent those fees do not exceed the marshal's fees.[6] The Ninth Circuit *436 allows taxation of private service costs in the amount incurred and does not expressly limit recovery to the amount the marshal would have charged.[7]
Nor have the district courts sitting in the Fourth Circuit reached consensus on the issue. Putting aside those cases where such costs were allowed without discussion,[8] the courts in this circuit remain divided. The Eastern District of Virginia has consistently refused to tax private process server fees as costs, see, e.g. , Cofield , 179 F.R.D. at 516, and the Western District of Virginia is moving in the same direction. See, e.g. , Selective Way Ins. Co. v. Apple , No., 3:13-cv-00042, 2017 WL 111439, at *2 (W.D. Va. Jan. 11, 2017) (stating it was "joining the trend within the Western District of Virginia" to decline to tax the cost of private process servers since "it simply is not among the six taxable costs listed in § 1920"). However, that trend is not universal. See, e.g. , Butts v. United States , No. 3:16-CV-53, 2018 WL 2007056, at *5 (N.D.W. Va. Apr. 30, 2018) (" Section 1920 allows for the prevailing party to recover service of process fees for private process servers."). Other districts have allowed such costs,[9] and yet others have not developed a consistent rule.[10]
*437 The plain language of § 1920 makes no mention of private process servers and by its terms covers only the fees of the marshal. Moreover, the Supreme Court has long made it clear that district courts do not have the discretion to award costs not enumerated under § 1920, Crawford Fitting , 482 U.S. at 442, 107 S.Ct. 2494, and it recently reaffirmed its view that costs under § 1920 should not be broadly interpreted. See Taniguchi v. Kan. Pac. Saipan, Ltd. , 566 U.S. 560, 565, 132 S.Ct. 1997, 182 L.Ed.2d 903 (2012). Indeed, Taniguchi specifically cautions that taxable costs are narrow in scope, "limited to relatively minor, incidental expenses," and are "a fraction of the nontaxable expenses borne by litigants." 566 U.S. at 573, 132 S.Ct. 1997. The Fourth Circuit has recently noted and applied the Supreme Court's narrow approach in evaluating a different subsection of § 1920. See Country Vintner of N.C, LLC v. E. & J. Gallo Winery, Inc. , 718 F.3d 249, 258-61 (4th Cir. 2013) (narrowly interpreting phrase "making copies" in § 1920(4) ). Nor does the Court find persuasive those cases that rely on § 1921(a)(1)(B), which by its terms concerns only fees paid to the marshal, not private fees.
Because the plain language of § 1920(1) does not expressly allow for the recovery of private process server fees, the Court declines to tax those fees in this case. Indeed, "[b]ecause taxable costs are limited by statute and are modest in scope," this Court can "see no compelling reason to stretch the ordinary meaning of the cost items Congress authorized in § 1920." Taniguchi , 566 U.S. at 573, 132 S.Ct. 1997.
While its decision goes against a majority of older decisions in other circuits, the Court concludes that those courts likely would have reached a different outcome in light of the recent decision in Taniguchi . Cf. In re Online DVD-Rental Antitrust Litig. , 779 F.3d 914, 925 (9th Cir. 2015) (re-examining the Ninth's Circuit's "broad construction of section 1920 with respect to electronic discovery production" in light of Taniguchi ).
The Court also appreciates that the "reality of current civil litigation is that, largely, private process servers must be employed in order to effectuate service, and United States Marshals are rarely used for this purpose." EQT Corp. , No. 1:11CV197, 2013 WL 2103148, at *3. But the question for the Court to decide is what the statute says, not whether taxing private process server fees as costs is a good or bad policy. See Cofield , 179 F.R.D. at 516. While it is possible Congress meant to cover private process server fees but overlooked the need to amend § 1920 to accomplish that goal, "it is not the function of this court to re-write the statute." Id. Moreover, the courts may not "invoke equitable concerns ... to justify an award of costs for services that Congress has not made taxable." Country Vintner , 718 F.3d at 260.
Duke points out that this district's Local Rules have a provision for the recovery of private process server fees. See LR 54(c)(1)(v) (allowing "[r]easonable costs for service by private process servers" to be taxed as costs). However, "local rules must not conflict or be inconsistent with any other federal statute or uniform rule of procedure." White v. Raymark Indus., Inc. , 783 F.2d 1175, 1178 (4th Cir. 1986).
The Court will deny Duke's request to include private process service expenses as costs and will reduce the Bill of Costs approved by the Clerk by $2,145. See Doc. 109 at 2. Costs in the amount of $4,964.67 will be taxed against Ms. Qayumi.
*438 CONCLUSION
For the foregoing reasons, the Court concludes that private process server fees are not taxable under 28 U.S.C. § 1920(1).
It is ORDERED that Ms. Qayumi's request for review of the Clerk's ruling on taxation of costs, Doc. 110, is GRANTED and the costs for private service fees are excluded from the bill of costs. It is FURTHER ORDERED that the Clerk will reduce Duke's bill of costs by the amount of $2,145.

Ms. Qayumi's corrected brief in support of her motion objects to $2,135 of the $2,145 in fees for private process servers. Doc. 107 at 3. As this is likely a typographical error, the Court exercises its discretion to consider the entire amount of private process server fees. Marx v. Gen. Revenue Corp. , 568 U.S. 371, 377, 133 S.Ct. 1166, 185 L.Ed.2d 242 (2013).

Initially, Ms. Qayumi also objected to fees associated with extra copies and rough drafts of certain transcripts. Duke withdrew its request for $100 of charges for 4 PDF copies and $175.50 for 1 rough draft copy. The Clerk did not award costs for these additional copies. Doc. 109 at 2.

The categories are "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees ... [and] (6) Compensation of court appointed experts, ... interpreters, ... [or] special interpretation services." 28 U.S.C. § 1920.

Crues v. KFC Corp. , 768 F.2d 230, 234 (8th Cir. 1985) ("Nor can [defendant] recover $250 for use of a special process server, because 28 U.S.C. § 1920 (1982) contains no provision for such expenses.").

Cypress-Fairbanks Indep. Sch. Dist. v. Michael F. , 118 F.3d 245, 257 (5th Cir. 1997) ("As there was nothing exceptional about the parties or the nature of this case, the district court should have denied these unnecessary private service costs."); see also Marmillion v. Am. Int'l Ins. Co. , 381 F. App'x 421, 431 (5th Cir. 2010) (per curiam) (unpublished) (noting Cypress-Fairbanks holds that "absent exceptional circumstances, the costs of a private process server are not recoverable under Section 1920.").

United States ex rel. Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Corp. , 95 F.3d 153, 172 (2d Cir. 1996) ("[T]he court believes the taxation of costs for special process servers is justifiable. However, such costs should be taxable only to the extent that they do not exceed the costs that would have been incurred had the Marshal's office effected service.") (quoting Griffith v. Mt. Carmel Med. Ctr. , 157 F.R.D. 499, 507-08 (D. Kan. 1994) ); Collins v. Gorman , 96 F.3d 1057, 1060 (7th Cir. 1996) (holding that the court will "resolve the ambiguity of § 1920 in favor of permitting the prevailing party to recover service costs that do not exceed the marshal's fees, no matter who actually effected service"); E.E.O.C. v. W & O Inc. , 213 F.3d 600, 624 (11th Cir. 2000) (holding that a district court may "tax[ ] private process server fees that do not exceed the statutory fees authorized in § 1921"). The Sixth Circuit has agreed in an unpublished opinion. See Arrambide v. Wal-Mart Stores, Inc. , 33 F. App'x 199, 203 (6th Cir. 2002) (unpublished) (same).

Alflex Corp. v. Underwriters Labs., Inc. , 914 F.2d 175, 178 (9th Cir. 1990) ("We also hold that private process servers' fees are properly taxed as costs.").

The only case to address the issue that the Court located from the Middle District of North Carolina approved the award of service fees, but the decision did not include any analysis. Zeuner v. Rare Hosp. Int'l, Inc. , 386 F.Supp.2d 635, 639-40 (M.D.N.C. 2005). See also Irwin Indus. Tool Co. v. Worthington Cylinders Wis., LLC , No. 3:08CV291, 2010 WL 3895701, at *2 (W.D.N.C. Oct. 1, 2010) (concluding, with no analysis, that private process server fees are taxable); Mary Kay, Inc. v. Ayres , 827 F.Supp.2d 584, 594 (D.S.C. 2011) (concluding, without analysis, that private process server fees are taxable costs under § 1920 ); Belk, Inc. v. Meyer Corp., U.S. , No. 3:07-CV-168-DSC, 2010 WL 3474918, at *10 (W.D.N.C. Aug. 31, 2010) (Mag. J., Order) (holding the same under a local rule).

Hutchens v. W. Asset Mgmt., Inc. , Civil Action No. 1:11-00996, 2013 WL 1337178, at *6-7 (S.D.W. Va. Mar. 29, 2013) (citing an Eleventh Circuit case and permitting taxation of private process server fees up to the amount of the statutory fees in § 1921 ); Wyne v. Medo Indus., Inc. , 329 F.Supp.2d 584, 590 (D. Md. 2004) (recognizing that "the fees associated with private process servers are taxable costs").

Several decisions from the Eastern District of North Carolina permit taxation of private process server fees. E.g. , Arista Records LLC v. Gaines , 635 F.Supp.2d 414, 418-19 (E.D.N.C. 2009) (permitting taxation of costs for private process server fees); Ret. Comm. of DAK Ams. LLC v. Smith , 185 F.Supp.3d 707, 721 (E.D.N.C. 2016) (same), appeal dismissed (4th Cir. June 8, 2016), aff'd in part, vacated in part, remanded sub nom. on other grounds Ret. Comm. of DAK Ams. LLC v. Brewer , 867 F.3d 471 (4th Cir. 2017). But one decision by a magistrate judge denied taxation of those fees. Estate of Ward v. Trans Union Corp. , No. 4:04-CV-88-DAN, 2009 WL 10705140, at *2 (E.D.N.C. Feb. 25, 2009) (Mag. J., Order) ("adher[ing] to the strict wording of 28 U.S.C. § 1920, and deny[ing] the request for costs").
In the Northern District of West Virginia, two recent cases permit prevailing parties to recover private process server fees as costs, but an older case went the other way. Compare Butts , 2018 WL 2007056, at *5 ("Section § 1920 allows for the prevailing party to recover service of process fees for private process servers"), and EQT Corp. v. Miller , No. 1:11CV197, 2013 WL 2103148, at *2-3 (N.D.W. Va. May 14, 2013) (same), with Ramonas v. W. Va. Univ. Hosps.-E., Inc. , No. 3:08-CV-136, 2010 WL 3282667, at *18 (N.D.W. Va. Aug. 19, 2010) ("Service of process by private process servers is not taxable.").